**John A. HYDE, Plaintiff–Appellant,**

v.

**Daniel SMALL and Bill Hedgepath, Defendants–Appellees.**

No. 97–1268.

United States Court of Appeals, Seventh Circuit.

Argued July 8, 1997.

Decided Aug. 15, 1997.

Bruce Carr (argued), Lake Station, IN, for Plaintiff–Appellant.

David W. Weigle (argued), Weigle & Associates, Hammond, IN, Steven A. Kurowski, Schererville, IN, for Defendants–Appellees.

Before POSNER, Chief Judge, and CUDAHY and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

The plaintiff in a suit for false arrest (constituting an unreasonable seizure within the meaning of the Fourth Amendment) under 42 U.S.C. § 1983 appeals from the district court's refusal to award him any attorneys' fees. The suit was against two Hammond, Indiana police officers, Small and Hedgepath, and the City of Hammond itself. In the course of the three-day trial, the City was dismissed from the case upon its motion for a directed verdict, the plaintiff having failed to establish the City's complicity in the officers' tortious acts, and the jury then rendered a verdict for the plaintiff against the two officers for $500 in compensatory damages. He had asked for punitive damages in an unspecified amount but the jury awarded none. The magistrate judge denied the plaintiff's request for $16,124 in attorneys' fees on the ground that the damages awarded by the jury were minimal and the suit had no broader significance.

Hyde, a retired lawyer, lived in an apartment house that he owned. One of the apartments was rented to a couple named Ward, whose marriage appeared to be collapsing. Mrs. Ward had moved out. But she returned one day and asked Hyde to let her into the apartment. He refused, afraid that she would remove some of its contents and that Mr. Ward would then sue him. She threatened to call the police if Hyde wouldn't let her in. He offered her his phone for this purpose. She called the police and Officers Small and Hedgepath responded. They arrived and told Hyde to let her in. He refused, giving the reason that we indicated above. One of the officers then asked Hyde for his date of birth. He refused to give it. Argument ensued and Hyde cursed the officers, whereupon they arrested him for disorderly conduct and carted him off to jail without letting him put on his shoes or take his medicine with him, even though he was 68 years old and had a heart condition and diabetes. He was kept for three hours in the jail and then released. A charge of disorderly conduct was brought against him but later dismissed.

The jury obviously found, not unreasonably, that the defendants did not have probable cause to arrest Hyde and that therefore they had violated his constitutional rights. He incurred no tangible injury from the arrest, however, and the jury was not required to value the humiliation and indignation that the arrest aroused in him at more than $500.

The prevailing party in a federal civil rights case is entitled to an award of attorneys' fees, 42 U.S.C. § 1988, but the fees must be reasonable, and the reasonable fee is sometimes zero. *Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992); *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir.1996); *Maul v. Constan*, 23 F.3d 143, 147 (7th Cir.1994); *Cartwright v. Stamper*, 7 F.3d 106, 110 (7th Cir.1993); *Willis v. City of Chicago*, 999 F.2d 284, 290 (7th Cir. 1993). It is especially likely to be zero in a case in which the plaintiff obtains only nominal damages (nowadays $1), as in all the cases we have cited, unless the case established an important precedent, decreed declaratory or injunctive relief, or otherwise conferred substantial benefits not measured by the amount of damages awarded. E.g., *Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 731 (7th Cir.1995); *O'Connor v. Huard*, 117 F.3d 12, 17–18 (1st Cir.1997); *Muhammad v. Lockhart*, 104 F.3d 1069 (8th Cir.1997). In *Farrar* the plaintiff had dragged six defendants through a long trial only to obtain, in the end, a damages award of $1 against one of the defendants and nothing against the others; they were exonerated. For this thoroughly Pyrrhic victory—for the case did not establish a significant precedent, either, or award equitable relief—the plaintiff sought a large award of fees, and the Court held that the reasonable fee was $0. The case should never have been brought; likewise *Fisher v. Kelly*, 105 F.3d 350 (7th Cir.1997), where the plaintiff obtained a settlement limited to the nuisance value of the suit, and we upheld the district court's ruling that the reasonable fee for prosecuting such a suit was $0.

From a practical standpoint it was as if Farrar had lost, in which event, the law was and is clear, he could not obtain any award of

fees. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Triad Associates, Inc. v. Chicago Housing Authority,* 892 F.2d 583, 596 (7th Cir.1989). And Fisher should have lost, since her suit had only nuisance value, so the court properly treated her as if she had lost, and again refused to award any fees.

Well, if $1 is the equivalent of losing, what about $140 or, as in this case, $500? We mention the intermediate figure because it was the amount of damages awarded by the district court in *Simpson v. Sheahan,* 104 F.3d 998 (7th Cir.1997), and we held that in the circumstances of that case the court had erred in awarding the plaintiff his fees. But among those circumstances we emphasized language in the district court's order which suggested that the court had awarded fees in order to punish the defendant, *id.* at 1002–03, and we said that punishment is not a proper purpose of a fee award under section 1988. *Id.* at 1003; see also *Langton v. Johnston,* 928 F.2d 1206, 1226 (1st Cir.1991). We said the opposite in *Charles v. Daley,* 846 F.2d 1057, 1063 (7th Cir.1988), not cited in *Simpson;* but we shall not have to reconcile the conflict in this case.

■ The district court based its decision to award no fees on the small size of the verdict and the fact that the case broke no new ground in the law of police abuses. If these are sufficient grounds it means that routine police misconduct that, although unconstitutional, is neither harmful enough to support a large award of compensatory damages nor malicious enough to justify an award of punitive damages is, as a practical matter, beyond the reach of the law. It is impossible, unless there is an expectation of a fee award (and often not then), to interest a competent lawyer in bringing a suit in federal court to recover a small amount of damages unless the plaintiff is a rich person willing to finance the suit out of his own pocket rather than by means of a contingent-fee contract, the normal way in which tort suits are financed in this country. Yet the cumulative effect of petty violations of the Constitution arising out of the interactions between the police (and other public officers) and the citizenry on the values protected by the Constitution may not be petty, and if this is right then the mere fact that a suit does not result in a large award of damages or the breaking of new constitutional ground is not a good ground for refusing to award any attorneys' fees.

■ The district court must therefore look more deeply into the circumstances here. It must determine whether as in *Farrar* and the other cases that we cited in its line (*Briggs, Maul,* etc.) the plaintiff was aiming high and fell far short (see also *Pino v. Locascio,* 101 F.3d 235, 238 (2d Cir.1996); *Romberg v. Nichols,* 48 F.3d 453, 455 (9th Cir.1995)), in the process inflicting heavy costs on his opponent and wasting the time of the court, or whether, as appears to be true, the case was simply a small claim and was tried accordingly; the trial as we said took only three days, which is short for a jury trial in federal court. It is true that Hyde asked for punitive damages; and undoubtedly a total award of $500 was a disappointment. But the brevity of the trial and the fact that Hyde's lawyer did not ask the jury to award a specific amount suggest that he was not aiming for the big bucks. The defendants could have smoked him out by making a modest settlement offer; had Hyde refused it and gone on to recover less at trial than the defendants had offered, he would have been barred from obtaining any attorney's fees that he incurred after the offer. See Fed. R. Civ. P. 68; *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). When the civil rights plaintiff aims small, and obtains an amount that is significant in relation to that aim (it need not reach the target), he is prima facie entitled to an award of fees even if the case establishes no precedent. There is no minimum amount in controversy required in civil rights cases and no federal small claims court, so it is no abuse of the federal district courts to bring the kind of suit that Hyde did, and therefore he should not be disqualified from an award of attorneys' fees without which such a case would never be brought. But as the judgment of reasonableness is confided to the discretion of the district court, *Briggs v. Marshall, supra,* 93 F.3d at 361; *Johnson v. Lafayette Fire Fighters Ass'n, supra,* 51 F.3d at 731;

*Cartwright v. Stamper, supra,* 7 F.3d at 109, we are remanding the case for further consideration of the plaintiff's application for fees in light of this opinion rather than directing that the application be granted.

VACATED AND REMANDED, WITH DIRECTIONS.