139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John A. HYDE, Plaintiff-Appellant,
Daniel SMALL and Bill Hedgepath, Defendants-Appellees.
 No. 97-3719.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 12, 1998.
Decided Feb. 13, 1998.
 
 Before POSNER, Chief Judge, CUDAHY and RIPPLE, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Northern Northern District of Indiana, Hammond Division. No. 94 C 246.
 
 ORDER
 
 2
 RODOVICH, Magistrate J.
 
 
 3
 PER CURIAM. This appeal is a sequel to Hyde v. Small, 123 F.3d 583 (7th Cir.1997), familiarity with which is assumed. The plaintiff had won $500 in compensatory (and no punitive) damages, and the district judge had refused to award him any attorney's fees. We vacated the judgment, pointing out that 42 U.S.C. § 1983 contains no minimum amount in controversy, and therefore a plaintiff is not disentitled to an award of attorney's fees merely because the stakes in his case are small. We added, however, that if he aims high and hits low, in the process imposing heavy costs on his opponent and heavy burdens on the court, this may be taken into account in determining what award of attorney's fee would be reasonable; and so we remanded to the district court for further consideration in light of our analysis. On remand, the district court awarded the plaintiff $11,500 in attorneys' fees, about 35 percent of what he had sought. The court noted that, as was developed at the hearing on remand, the plaintiff had in fact demanded a $15,000 settlement and had been disappointed to receive only $500, which was less than 4 percent of what he had sought. This marked a significant failure and warranted the district court in reducing the fees sought as it did. The court did not abuse its discretion, and the judgment is therefore AFFIRMED.