In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1876

ISAAC W. CAPPS,

*Plaintiff-Appellant,*

*v.*

KEVIN DRAKE *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 14-cv-441 — **Michael J. Reagan**, *Chief Judge* &
**Nancy J. Rosenstengel,** *Judge.*

ARGUED APRIL 5, 2018 — DECIDED JUNE 29, 2018

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges.*

KANNE, *Circuit Judge.* Generally, the prevailing party in a civil rights lawsuit is entitled to an award of attorney's fees. 42 U.S.C. § 1988(b). It is reasonable, however, for the court to award no fees to the prevailing party if the party received only a technical, nominal, or *de minimis* damage award. In this case, Isaac Capps was awarded substantial damages and thus should have been awarded attorney's fees. The judgment of

the district court is reversed, and this case is remanded for a determination of the amount to be awarded.

## I.   BACKGROUND

Isaac Capps sued six law enforcement officers for failure to intervene in an unlawful search and for use of excessive force, pursuant to 42 U.S.C. § 1983. The parties attempted to negotiate a settlement before trial. First, the defendants offered $47,500; Capps countered with $2 million. The defendants then offered $200,000, which Capps again rejected and demanded $3.5 million. Capps's final settlement demand was for $3.6 million, which the defendants rejected. The case went to trial by a jury.

Capps succeeded on eight of the ten claims he brought to trial.* He prevailed on his failure-to-intervene claims against each defendant and on his excessive-force claims against two of the defendants. At the end of the five-day trial, the jury awarded Capps $22,000 in compensatory damages and $10,092 in punitive damages.

After trial, Capps filed a petition to recover attorney's fees pursuant to § 1988(b). The judge who presided over the trial ordered the parties to appear before a magistrate judge for a settlement conference regarding the fees. The conference failed to resolve the issue. The trial judge then *sua sponte* "referred" the fee petition to another judge within the district, Chief Judge Reagan. (R. 223.) No party objected to the referral. At a hearing, Chief Judge Reagan explained that he was hearing the motion because he has a special interest in attorney's

---

* Capps's original complaint includes twelve claims. Shortly before trial, he dismissed the excessive force claims against two defendants.

fees based on his work with the Illinois Attorney Registration and Disciplinary Commission as well as other experiences. Ultimately, Chief Judge Reagan denied the petition for fees, and Capps appealed.

## II.   ANALYSIS

On appeal, Capps challenges the denial of his petition for fees on two bases. First, he contends the district court lacked the authority to refer his post-trial motion to another judge. Second, he claims the court abused its discretion when it awarded him no attorney's fees.

### A.  The district court had authority to transfer the motion.

No statute or regulation permits a district court judge to refer or transfer a contested post-trial motion to another judge. Nor does any statute or regulation expressly prohibit such referrals. But "the Federal Rules of Civil Procedure do not completely describe and limit the power of the federal courts." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 651 (7th Cir. 1989). And "the mere absence of language in the federal rules specifically authorizing or describing a particular judicial procedure should not, and does not, give rise to a negative implication of prohibition." *Id*. at 652. The court has inherent power to "exercise procedural authority outside the explicit language of the rules of civil procedure," *id.* at 651, including the "power to control the assignment and transfer of cases," *United States v. Keane*, 375 F. Supp. 1201, 1204 (N.D. Ill. 1974), *aff'd* 522 F.2d 534 (7th Cir. 1975). *See also Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)) ("Accordingly, this Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").

The referral of a post-trial motion falls within this inherent authority and so the referral of the motion for attorney's fees in this case was not beyond the district court's authority. Still, the district court must not abuse its discretion when exercising this authority. *G. Heileman Brewing Co.*, 871 F.2d at 653; *see Dietz*, 136 S. Ct. at 1892 (internal citation omitted) (quoting *Degan v. United States*, 517 U.S. 820, 823-24 (1996)) ("[T]he exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice … and cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute."). There is no indication the court did so here. Therefore, the district court properly exercised its authority when referring the motion for attorney's fees.

That said, we do find the practice of referring post-trial motions concerning, particularly where, as here, the judge to whom the motion is referred has a stated interest in the subject matter of the motion. Judges in the district courts are meant to be generalists. *See Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. CPC Logistics, Inc.*, 698 F.3d 346, 350 (7th Cir. 2012). Moreover, the deference we afford the district court's decision to grant or deny attorney's fees is based on the notion that the judge deciding the motion had tried the case and thus is more familiar with the complexity of the litigation and how it was carried out. *See Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1050 (7th Cir. 2016); *Jaffee v. Redmond*, 142 F.3d 409, 412 (7th Cir. 1998). That reasoning is undermined when the petition is transferred after the trial. We caution the district courts against referring such

motions regularly or without greater explanation of why the referral is appropriate.

B. *The district court's decision not to award any attorney's fees was an abuse of discretion.*

In civil rights actions, like Capps's, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). We review the district court's decision to grant or deny fees for abuse of discretion. *Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017).

The U.S. Supreme Court has clarified that even a party who obtains only nominal damages is a prevailing party for purposes of § 1988, but that it is reasonable for a court to refuse to award fees if the prevailing party's damages award is "technical" or "*de minimis*." *Farrar v. Hobby*, 506 U.S 103 (1992). In *Farrar v. Hobby*, the Court upheld a district court's decision to award no attorney's fees to a prevailing party who received one dollar in nominal damages after seeking "17 million dollars from six defendants" and "[a]fter 10 years of litigation and two trips to the Court of Appeals." *Id.* at 116 (O'Connor, J., concurring).

We have not limited the logic of *Farrar* to just cases in which the plaintiff receives nominal damages. *Aponte v. City of Chicago*, 728 F.3d 724, 728 (7th Cir. 2013). Instead, the district court should follow *Farrar* "if the plaintiff was 'aiming high and fell short, [and] in the process inflict[ed] heavy costs on his opponent and wast[ed] the time of the court.'" *Id.* (alterations in original) (quoting *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997)). "[O]n the other hand," the court should calculate

a reasonable fee if "the case was simply a small claim and was tried accordingly." *Id.* (quoting *Hyde*, 123 F.3d at 585).

In this litigation, Capps is clearly the prevailing party. He obtained a judgment against each of the defendants and received $22,000 in compensatory damages and $10,092 in punitive damages. Yet, the district court determined that this was a case where the plaintiff "aim[ed] high and fell short." (R. 254 at 12 (quoting *Aponte*, 728 F.3d at 728).) We disagree.

First, we doubt an award including punitive damages can be considered technical or *de minimis.* Second, while $32,092 is considerably less than what Capps sought in pre-trial settlement negotiations, the record demonstrates that a large damage award was not Capps's primary focus. Capps testified that it was more important to him to take the case to trial and receive a verdict than to accept a large settlement without the officers' acknowledgment of responsibility, and he made no specific monetary request to the jury, *see Hyde*, 123 F.3d at 585. The defendants never made a proper pre-trial offer of judgment under Federal Rule of Civil Procedure 68, so none of the settlement offers could have satisfied Capps's primary goal.

In sum, Capps prevailed in his primary goal—to obtain a judgment of liability—and was awarded a considerable sum, including punitive damages. This is precisely the type of situation for which § 1988 was enacted. *See Farrar*, 506 U.S. at 122 (O'Connor, J., concurring) (noting that Section 1988 "is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory"); *see also Hudson v. Michigan*, 547 U.S. 586, 597 (2006) (describing § 1988 as an incentive for attorneys to prosecute cases that

"would yield damages too small to justify the expense of litigation"). The district court thus abused its discretion when it denied Capps's motion for attorney's fees.

We note that the district court based its decision largely on the conduct of Capps's attorney and the terms of her contract with Capps, which the court found contrary to the Illinois Rules of Professional Conduct. But this is not an action to enforce the agreement between Capps and his attorney, and § 1988 awards the right to fees to the plaintiff, not his counsel. *See Evans v. Jeff D.*, 475 U.S. 717, 730 (1986). If the contract is invalid, it should not be used as evidence of what the attorney's hourly fee should be, but it does not justify denying outright the petition for fees. *See Edward T. Joyce & Assoc. P.C. v. Prof'ls Direct Ins. Co.*, 816 F.3d 928, 933 (7th Cir. 2016) ("[T]he power to issue sanctions for violation of the Rules of Professional Conduct belongs exclusively to the Illinois Supreme Court."). The district court also denied the petition because Capps's lawyer failed to reopen settlement negotiations. As discussed above, no settlement offer included a proper offer of judgment and it was Capps's right to insist on taking his case to trial. *See* Ill. R. Prof'l Conduct 1.2(a) ("A lawyer shall abide by a client's decision whether to settle a matter."); *see also Goss Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 627 (7th Cir. 2001) (explaining that the court cannot force a party to settle); *G. Heileman Brewing Co.*, 871 F.2d at 653 (same). So this too was an improper basis for denying Capps's petition.

Chief Judge Reagan, anticipating that this court might find the outright denial of Capps's petition unwarranted, calculated an award that he deemed would be reasonable. But this analysis suffered many of the same errors as his decision to

deny the petition. Namely, the award included no fees for work conducted after the settlement offer was rejected. As discussed, Capps had a right to reject the settlement offer and pursue a judgment against the defendants, a judgment he succeeded in obtaining at trial. Therefore, the district court is instructed to fully recalculate a reasonable fee award on remand, including fees for work done on the trial, post-trial motions, and this appeal. The district court is free to consider whether counsel's proposed rate is reasonable and whether her reported hours are accurate when calculating a reasonable fee and adjusting the lodestar amount accordingly.

### III.  CONCLUSION

For the reasons above, we REVERSE the district court's decision. This case is REMANDED for a determination of the amount of attorney's fees, including those incurred at trial, post-trial, and on appeal. If the court Judge Rosenstengel should again decide that the motion should be referred to another judge, she should specify her reasons for doing so.