In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 17-3259

ISAAC PAZ,

*Plaintiff-Appellant,*

*v.*

PORTFOLIO RECOVERY ASSOCIATES, LLC,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-9751 — **Jorge L. Alonso**, *Judge.*

_____

ARGUED APRIL 2, 2019 — DECIDED MAY 15, 2019

_____

Before HAMILTON, BARRETT, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Sometimes settling a case is the only course that makes sense. This case provides a good example. Isaac Paz sued Portfolio Recovery Associates, LLC for violations of the Fair Debt Collection Practices Act and Fair Credit Reporting Act, and the case dragged on for years, with the district court then entering summary judgment for PRA on the lion's share of Paz's claims. Paz disregarded multiple offers to settle—both at the outset of the litigation and after

summary judgment—and proceeded to trial, where he won but recovered only $1,000 in damages. He then sought to recover attorneys' fees of $187,410. The district court awarded fees of $10,875, underscoring that Paz's rejection of meaningful settlement offers precluded a fee award in such disproportion to his trial recovery. Seeing no abuse of discretion, we affirm.

# I

## A

After Isaac Paz defaulted on a credit card debt of $695, PRA, a debt collector, purchased the debt and attempted to collect. Alongside these collection efforts, however, PRA violated the Fair Debt Collection Practices Act by failing to report to credit reporting agencies that Paz disputed the debt. Paz responded by suing PRA in June 2014.

PRA promptly offered to settle by invoking Federal Rule of Civil Procedure 68 and offering to eliminate the debt and pay Paz $1,001 plus reasonable attorneys' fees and costs "through the date of Plaintiff's acceptance of this offer, in an amount agreed upon by the parties, and if no agreement can be made, to be determined by the Court." By its terms, the offer also provided not only that PRA would "allow judgment to be entered against it," but also that "[t]his offer of judgment is made solely for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission that Defendant is liable in this action, that Plaintiff has suffered any damage, or for any other reason." Paz accepted PRA's offer, and counsel then traded e-mails and agreed to reasonable attorneys' fees of $4,500.

Despite the settlement, PRA continued to report Paz's debt to credit reporting agencies, even confirming the validity of the debt in response to inquiries from the agencies. This continued reporting violated the FDCPA, and Paz, upon learning of it, filed a second lawsuit against PRA in December 2014.

The second lawsuit alleged violations of the FDCPA and the Fair Credit Reporting Act. Paz later attempted to add class claims but was unsuccessful. PRA answered the second lawsuit by admitting that, due to an oversight, it both attempted to collect Paz's debt after the prior settlement and continued to report the debt to credit agencies. PRA attempted to resolve the case by once again invoking Rule 68 and making a series of settlement offers—first in January 2015 for $1,500, then in February 2016 for $2,500, and later in March 2015 for $3,501. The terms of PRA's offers mirrored those Paz accepted in the first lawsuit: PRA would allow judgment to be entered against it; the judgment would include reasonable attorneys' fees and costs through the date of acceptance of the offer in an amount agreed upon by the parties, or (as necessary) by the district court; and the offer otherwise should not be construed as an admission of liability.

Paz never responded to PRA's settlement offers. The parties eventually cross-moved for summary judgment, with the district court's ensuing ruling dealing a substantial blow to Paz's case. The court permitted Paz to proceed to trial on only one of his alleged violations of the FDCPA, 15 U.S.C. § 1692e(8) (communicating false information, including the failure to communicate that a debt is disputed), finding there was a question of fact as to whether PRA could avoid liability under the FDCPA by demonstrating that its violation was unintentional, the result of a bona fide error, and occurred

despite procedures reasonably adapted to avoid such error. See *Ruth v. Triumph P'ships*, 577 F.3d 790, 803 (7th Cir. 2009) (outlining the elements of a bona fide error defense under the FDCPA).

As for Paz's alleged violations of the Fair Credit Reporting Act, the district court determined that the evidence could not support a finding that PRA had acted willfully in its continued reporting to the credit agencies. This conclusion had the effect of allowing Paz to proceed to trial only on his claim that PRA's actions amount to negligence violations of the FCRA. See 15 U.S.C. § 1681o.

The upshot heading into trial, then, was that Paz was able to pursue a recovery of any actual damages but not punitive damages. Even more specifically, Paz sought the maximum $1,000 in statutory damages available to him based on his FDCPA claim and an additional $21,000 in actual damages for his alleged emotional distress caused by PRA's misreporting his credit card debt. On his FCRA claim, Paz sought only $5,000 in actual damages.

A week before trial, PRA made a final effort to settle, offering Paz $25,000 to resolve all remaining claims and to cover his attorneys' fees and costs. Paz rejected the offer and proceeded to trial, enlisting the aid of two more attorneys to help prepare for and conduct the trial.

The trial did not take long. Presentation of the evidence began and ended the same day, September 7, 2016. The next day the jury found for Paz on both claims. In doing so, however, the jury determined that Paz had sustained no actual damages, so his total recovery was limited to $1,000 in statutory damages based on his FDCPA claim.

Paz later sought to recover $187,410 in attorneys' fees and $2,744 in costs, relying on the FDCPA's provision entitling a successful plaintiff to "the costs of the action, together with a reasonable attorney's fee as determined by the Court." 15 U.S.C. § 1692(k)(a)(3).

B

By its terms, a settlement offer made pursuant to Rule 68 limits a plaintiff's ability to recover costs incurred after the date of the offer. See FED. R. CIV. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). Rule 68's limit on a plaintiff's recovery of costs will often limit the recovery of attorneys' fees as well, but the circumstances present here reveal an exception. Paz won at trial on his FDCPA claim and his doing so entitled him to an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Congress's choice to define attorneys' fees separately from costs in § 1692k(a)(3) meant that Paz would be entitled to reasonable attorneys' fees (by operation of the FDCPA) without regard to the more general limitation on costs in Rule 68. See *Marek v. Chesny*, 473 U.S. 1, 9 n.2 (1985) (explaining that Rule 68 incorporates the definition of "costs" from the relevant fee-shifting statute and therefore cuts off attorneys' fees only where the statute defines "costs" to include attorneys' fees). In full alignment with our precedent, the district court reached this precise conclusion. See *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000) (interpreting § 1692k(a)(3) of the FDCPA and concluding that a prevailing party is entitled to attorneys' fees notwithstanding the limitation in Rule 68).

In determining what amount of fees was reasonable, the district court underscored that one relevant consideration was Paz's decision to reject PRA's Rule 68 offer of $3,501 and instead to proceed to trial. This reasoning, too, is on all fours with our caselaw. In *Moriarty*, for example, we explained that "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply." 233 F.3d at 967.

In assessing a proper fee award, the district court emphasized that Paz had obtained only limited success at trial. And this was especially so when viewed against the backdrop of the settlement offer—more than three times the amount of his ultimate recovery—that Paz declined. Paz was free to proceed to trial, the district court reasoned, but his doing so was a consideration that warranted a substantial reduction in the award of attorneys' fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983) (explaining that a plaintiff who achieves only limited success on the merits may be entitled to only a limited award). The district court added that, although he insisted on going to trial, Paz established no new principles of law—nor did he check any ongoing harm (beyond the four corners of his own case) being perpetrated by PRA—by putting his case to a jury. See *Zagorski v. Midwest Billing Servs.*, 128 F.3d 1164, 1167 (7th Cir. 1997) (explaining that, in determining the reasonable fee award, success may also be measured in terms of the principle established and the harm checked).

In the end, the district court awarded Paz $10,875 in attorneys' fees. Applying the lodestar method, the district court used $375 as the hourly rate of Paz's main attorney, Mario Kasalo, but recognized that only 29 hours of his total work—

the hours he worked before PRA's final Rule 68 offer on March 27, 2015 for $3,501—were reasonable. The district court concluded that all other hours, including those spent preparing for and conducting the trial, including by the two attorneys Kasalo enlisted to help him at trial, were unreasonable.

When it came to costs, the district court awarded PRA $3,064. This amount compensated PRA for expenses incurred after March 27, 2015, the date of its final Rule 68 offer. Recognizing that Paz won at trial and thus was a prevailing party within the meaning of Federal Rule of Civil Procedure 54, the district court also awarded costs to Paz in the amount of $436.

## II

Section 1692k(a)(3) of the FDCPA entitles a prevailing party like Paz to an award of reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3); *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). No precise formula exists for determining a reasonable fee. See *Schlacher*, 574 F.3d at 856; see also *Hensley*, 461 U.S. at 436. The proper approach typically starts with using the lodestar method (multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended) and then adjusting that figure to account for various factors, including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. See *Schlacher*, 574 F.3d at 856; see also *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (outlining similar fee award considerations).

"District courts have wide discretion in determining the appropriate amount of attorneys' fees and costs," and therefore our review on appeal "is limited to a highly deferential

abuse of discretion standard." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

Paz sees abuses of discretion on several fronts. He first argues that PRA's offer to settle for $3,501 plus reasonable attorneys' fees and costs was not substantial and therefore should have been disregarded by the district court in determining the fee award. On this score, Paz contends that he did not understand what the offer meant—that its terms were so ambiguous and unfair as to render the offer worthless. Even more specifically, he points to the condition in the offer that he read as cutting off attorneys' fees at the time of acceptance, a provision that Paz sees as exposing him to an unknown amount of fees for the time his counsel would spend doing the paperwork necessary to finalize the settlement and enter the Rule 68 judgment against PRA.

We disagree. Paz's position inheres with an air of unreality. He suggests he had little idea what the offer meant, yet his counsel—in this case and others—had previously accepted offers with identical terms and, in doing so, managed to negotiate and receive a reasonable amount to cover legal fees. All Paz's counsel had to do was request a fee award that would cover the time necessary to finalize the settlement. This would not have been difficult given the relative simplicity of the claims. By no means was this a scenario where a defendant conveyed an incomprehensible offer or acted in bad faith by setting a trap to preclude a plaintiff from recovering a reasonable amount in attorneys' fees as part of a settlement.

Paz also contends that the district court abused its discretion in finding that he achieved only limited success on the merits of his claims. On this point, Paz highlights that PRA's settlement offer expressly disclaimed liability and from there

argues that agreeing to settle would have prevented him from claiming prevailing party status and receiving attorneys' fees. As Paz now sees things, the result he achieved at trial was much better because it yielded a judgment on the merits for the maximum amount of statutory damages available to him, $1,000. This position, too, misses the mark.

Settlement offers regularly disclaim liability, and PRA's having done so here was in no way out of the ordinary. What Paz overlooks is that his acceptance of the offer, by operation of Rule 68, would have resulted in a judgment being entered against PRA. The moment such a judgment hit the district court's docket, the prior disclaimer of liability would have been a dead letter. Furthermore, by the very terms of PRA's offer, the ensuing judgment would have been for $3,501 plus reasonable attorneys' fees and costs. Paz's counsel had to know—from his prior experience in this case alone—that PRA's disclaimer of liability in its Rule 68 offer would not preclude an award of attorneys' fees.

What happened here is clear. At the outset of the litigation, PRA conveyed a substantial settlement offer of $3,501—more than three times the statutory damages available to Paz—plus reasonable attorneys' fees and costs. Paz disregarded the offer and proceeded to trial even after the district court's summary judgment ruling massively downsized his case. And every indication from the record is that Paz had but the slimmest of chances of receiving any more than $1,000 in statutory damages at trial. He nonetheless proceeded to incur $187,410 in attorneys' fees, only to walk away with $1,000 in statutory damages.

Paz was free to make these choices. Like any other party, he was not required to accept the trial court's (or anyone

else's) view of the best litigation strategy, including whether to accept a settlement offer. So, too, is it clear as a more general matter that a sound approach to litigation will often and inevitably entail the pursuit of what turn out to be dead ends, all of which will result in a party reasonably incurring fees and costs. See *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988). Nothing about this appeal calls into question these common, practical realities of litigation.

In the circumstances before us here, however, we are confident that the district court did not abuse its discretion in rejecting Paz's request for $187,410 in fees and instead awarding him $10,875. The time associated with the $187,410 in attorneys' fees did not reflect the sort of reasonable attorney work that is often inevitable as part of traveling a diligent litigation course. To the contrary, the vast majority of the fees Paz sought to recover were for time spent pursuing an unsuccessful and ill-advised effort to win a much bigger payoff than was even remotely possible in the circumstances giving rise to his claims. This observation is precisely what led the district court to conclude that $10,875 was a reasonable fee award. Paz and his counsel cannot now force PRA to pay the legal expenses for their failure, so the reduced fee award in this case was appropriate and far from an abuse of discretion.

For these reasons, we AFFIRM.