In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 18-2358

JACK W. COOPER,

*Plaintiff-Appellant,*

*v.*

RETRIEVAL-MASTERS CREDITORS BUREAU, INC.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cv-02827 — **Gary Feinerman**, *Judge.*

———————————

ARGUED JANUARY 19, 2022 — DECIDED JULY 29, 2022

———————————

Before WOOD, HAMILTON, and JACKSON-AKIWUMI, *Circuit Judges*.

HAMILTON, *Circuit Judge*. This appeal addresses attorney fee awards to prevailing plaintiffs under consumer-protection statutes where damages are usually modest and the plaintiff has rejected what hindsight shows to have been a substantial early settlement offer. Plaintiff Jack Cooper sued defendant Retrieval-Masters Creditors Bureau for violating provisions of the Fair Debt Collection Practices Act in trying to collect a

debt. See 15 U.S.C. § 1692 et seq. Shortly after the defendant filed its answer, a magistrate judge tried to mediate a settlement. During the meeting, the defendant made and plaintiff rejected an oral settlement offer of $500 in damages plus reasonable attorney fees and costs incurred to that point. The meeting ended without an agreement. The next day, the defendant made a written offer of judgment under Federal Rule of Civil Procedure 68 for $4,600 including attorney fees and costs. Cooper did not accept the offered judgment, and the lawsuit proceeded.

The district court eventually granted summary judgment to Cooper on liability. Damages were tried to a jury, which awarded Cooper $500. Cooper and his attorneys then sought an award of attorney fees and costs totaling more than $66,000. The district court awarded fees and costs of less than $8,000, effectively limiting the fee award to fees incurred up to the time when Cooper rejected the oral settlement offer in the early mediation session, as if defendant had made a Rule 68 offer more favorable than the final verdict. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 338 F. Supp. 3d 729 (N.D. Ill. 2018). Cooper has appealed the attorney fee award as insufficient. We vacate the district court's fee award and remand for proceedings consistent with this opinion.

I.  *Factual and Procedural Background*

    A.  *The Case on the Merits*

In February 2016, defendant Retrieval-Masters Creditors Bureau (RMCB) sent plaintiff Jack Cooper a letter seeking to collect a consumer debt of a little over $300. The letter directed Cooper to include certain information with his payment so that RMCB could update the credit bureau. Cooper

responded the next month by suing RMCB for violating 15 U.S.C. § 1692e(5) & (10). Cooper alleged that RMCB's letter falsely threatened to report his debt to credit bureaus even though RMCB had no actual intention to do so.

After Cooper filed his complaint, defendant asked his lawyer for a settlement demand. Cooper replied that he would settle for $7,600 including attorney fees and costs. Defendant rejected the demand and answered the complaint. The district court referred the matter to a magistrate judge for a settlement conference that was held in July 2016.

During the settlement conference, RMCB made an oral offer to pay Cooper $500 in damages, plus reasonable attorney fees and costs incurred to date. Cooper rejected the oral offer. Later in the session, RMCB actually backtracked. It reduced its oral offer to $250 in damages, plus reasonable attorney fees and costs to date. Not surprisingly, Cooper rejected that offer as well, and no settlement was reached. The next day, defendant made a written offer of judgment pursuant to Federal Rule of Civil Procedure 68, proposing to pay $4,600 including attorney fees and costs and to allow the court to enter judgment against it. Cooper also rejected that offer.

Cooper later filed a motion for summary judgment as to liability. RMCB filed several motions seeking more time to respond, all of which the district court granted. In the end, though, RMCB failed to submit any brief or evidence to oppose Cooper's motion. The court granted summary judgment for Cooper as to liability and scheduled a jury trial for the damages. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, No. 16-c-2827, 2017 WL 2404952 (N.D. Ill. June 2, 2017). At trial, Cooper's attorneys argued that he was entitled to between $6,000 and $600,000 in actual damages, plus the maximum

$1,000 in statutory damages. The jury awarded Cooper $500 in statutory damages and no actual damages. The court entered final judgment for Cooper for $500. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 338 F. Supp. 3d at 736. RMCB did not appeal and, at the time of oral argument in this matter, had not yet paid the judgment.

B. *The Attorney Fee Award*

The Fair Debt Collection Practices Act relies primarily on its private right of action to enforce compliance. See 15 U.S.C. § 1692k; S. Rep. No. 95-382 at 5–6 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1699–1700 (new law expected to be "primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance," and legislation provided no new personnel or budget for agency enforcement). Damages are usually modest, however. The statute allows awards of actual damages plus a maximum of $1,000 in statutory damages in individual cases. The Act allows a prevailing plaintiff to recover reasonable attorney fees and costs from the defendant. § 1692k(a).

After winning the judgment on the merits, Cooper sought an award of $65,357.90 as an attorney fee and $1,042.37 in costs. *Cooper*, 338 F. Supp. 3d at 732. The district court awarded all of the requested costs but only about one tenth of the fees sought. The court first found that all the hours Cooper's attorneys spent working on the case after he rejected RMCB's oral offer of five hundred dollars plus fees and costs were unreasonable. *Id.* at 734. The court reasoned that Cooper's attorneys knew or should have known that he was unlikely to win any actual damages or even the maximum $1,000 in statutory damages, so they should have recognized that there would have been no benefit in proceeding to trial.

*Id.* at 733–34. The court then calculated the lodestar amount for the time spent until the settlement offer was rejected and reduced that amount by twenty percent. (The lodestar amount is determined by multiplying the attorney's reasonable hourly rate by the number of hours the attorney reasonably expended. *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 856 (7th Cir. 2009).) The court reasoned that Cooper received a "meager verdict," noting that he recovered only $500 in statutory damages after seeking as much as $600,000 in actual damages, plus the maximum $1,000 in statutory damages. 338 F. Supp. 3d at 736. The final award was for $6,845.76 in attorney fees and $1,042.37 in costs. *Id.* at 737.

II. *Analysis*

A. *Subject-Matter Jurisdiction*

Before reaching the merits of this appeal, we first address defendant's contention that Cooper lacked standing to sue, so that the district court lacked subject-matter jurisdiction to award fees and costs. Defendant argues for the first time in this appeal by Cooper that he failed to prove a concrete injury resulting from defendant's letter.

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies, one essential element of which is the plaintiff's standing to bring the case. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Standing requires a plaintiff to plead sufficiently and eventually to prove "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.*, citing *Lujan v. Defenders of*

*Wildlife,* 504 U.S. 555, 560–61 (1992). After the district court is-sued its judgment on the merits in this case, this court issued several opinions restricting standing in cases under the FDCPA. See, e.g., *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021); *Larkin v. Finance System of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020); *Casillas v. Madison Avenue Associates, Inc.*, 926 F.3d 329, 333–34 (7th Cir. 2019).

If this were a direct appeal from a final judgment on the merits, we would of course entertain such a challenge to sub-ject-matter jurisdiction even if the issue were being raised for the first time on appeal. E.g., *Perez v. K & B Transportation, Inc.*, 967 F.3d 651, 654 (7th Cir. 2020). The problem here is that de-fendant did not appeal the judgment against it on the merits. That judgment was entered in 2017 and was not appealed. It is final. Defendant is attempting in this appeal to raise a col-lateral challenge to subject-matter jurisdiction after it had a fair opportunity to raise such a challenge in a direct appeal. Between these parties, the district court's subject-matter juris-diction is now res judicata. See *Travelers Indemnity Co. v. Bai-ley*, 557 U.S. 137, 152–53 (2009), citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not … reopen that question in a collateral attack upon an adverse judgment."); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376 (1940) (federal courts' determinations of jurisdiction are "open to direct review [but] may not be assailed collater-ally"); see also *Dexia Crédit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010) (rejecting collateral challenge to subject-matter jurisdiction for judgment that had become final); 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 4428 (3d ed.) (explaining general rule against col-
lateral challenges to subject-matter jurisdiction and noting a
few exceptions that do not apply here). Res judicata defeats
defendant's challenge to Cooper's standing.[1]

B. *The Attorney Fee Award*

We now turn to the merits of the fee award. We review an
award of attorney fees for abuse of discretion, though we re-
view de novo the district court's legal conclusions and meth-
ods for calculating the award. *Anderson v. AB Painting & Sand-
blasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009).

A person who prevails on an FDCPA claim against a debt
collector is entitled to recover the costs of the action and rea-
sonable attorney fees. 15 U.S.C. § 1692k(a)(3). No precise for-
mula establishes a reasonable attorney fee, but the starting
point is usually the lodestar method. *Schlacher v. Law Offices of
Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 856 (7th Cir.
2009). As mentioned previously, the lodestar method multi-
plies the attorney's reasonable hourly rate by the hours the
attorney reasonably expended. *Id.* After calculating the lode-
star, the court may adjust the figure "to reflect various factors
including the complexity of the legal issues involved, the de-
gree of success obtained, and the public interest advanced by
the litigation." *Id.* at 856–57. The controversy here focuses on

---

[1] Defendant's effort to vacate the entire fee award faces another obsta-
cle. Defendant did not file a cross-appeal. The longstanding rule requiring
a cross-appeal would prevent us from modifying a judgment in favor of
an appellee who did not file its own cross-appeal. See, e.g., *Greenlaw v.
United States*, 554 U.S. 237 (2008) (reversing appellate court's increase in
defendant's sentence where government filed no cross-appeal); *Richardson
v. City of Chicago*, 740 F.3d 1099, 1101 (7th Cir. 2014) (applying *Greenlaw* in
civil case).

the dramatic reduction in the requested fee by applying these factors to Cooper's rejection of the oral settlement offer in the early settlement conference. The district court held that all the hours spent by Cooper's counsel after rejecting that settlement offer were unreasonable.

### 1. *Substantial Settlement Offer*

The role of rejected settlement offers in reducing statutory attorney fee awards is a difficult and recurring subject, especially under consumer-protection statutes, employment and civil-rights statutes, and other statutes under which damages awarded to successful plaintiffs may often be modest as compared to the attorney efforts needed to prevail. Since *Marek v. Chesny*, 473 U.S. 1 (1985), Rule 68 has provided a clear path for a defendant who wants to reduce the risk of a high fee award, at least under some fee-shifting statutes. Rule 68 limits the costs that a prevailing party may recover if the party rejected the defendant's pre-trial offer of judgment and ultimately received a less favorable award at trial. Fed. R. Civ. P. 68(d); see also *Cole v. Wodziak*, 169 F.3d 486, 487–88 (7th Cir. 1999), citing *Marek*, 473 U.S. at 11.

To obtain the benefit of Rule 68, a defendant's offer must be made in writing and presented to the plaintiff at least 14 days before the date set for trial. Fed. R. Civ. P. 68(a); *Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir. 1986). Once those requirements are met, Rule 68 applies to bar the prevailing party from recovering any costs incurred after the party rejected the defendant's offer. Fed. R. Civ. P. 68(d).

Rule 68 was created to encourage settlements, but recoverable "costs" are usually a small part of litigation expenses. Under fee-shifting statutes that treat attorney fees as part of

the costs subject to Rule 68, however, the rule's power is magnified exponentially. Under such statutes, a plaintiff who receives a Rule 68 offer of judgment must "think very hard" about whether to continue with the litigation. *Marek*, 473 U.S. at 11. A plaintiff who rejects an early offer of judgment that includes attorney fees and costs incurred to date runs the risk of forfeiting fees for all later work unless the final verdict is more favorable than the early offer.

Imposing such a difficult decision on plaintiffs has been justified because Rule 68 strikes a balance by including several important protections for the plaintiff. The Rule 68 offer must be in writing, the plaintiff must have 14 days to respond, and the offering party may not revoke or amend the offer during that time. The offering party also bears the risk of any silence or ambiguity, especially related to attorney fees. *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013); *Grosvenor*, 801 F.2d at 948.

Rule 68's limit on "costs" does not apply, however, to attorney fees when the statute providing for recovery, like the FDCPA, was drafted to treat attorney fees as separate from costs. *Paz v. Portfolio Recovery Associates, LLC*, 924 F.3d 949, 953 (7th Cir. 2019). The FDCPA entitles plaintiffs to an award of "costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Because of this language separating costs and attorney fees in the statute, we have held that Rule 68 does not apply by its terms to attorney fee awards under the FDCPA. *Paz*, 924 F.3d at 953. At the same time, nothing prevents an FDCPA defendant from making a formal Rule 68 offer of judgment that includes attorney fees and costs, as occurred here.

Even though Rule 68 is not directly applicable to this case because the district court did not base its fee award on RMCB's later Rule 68 offer of judgment, the rule's procedures and protections for plaintiffs are still relevant to our review of the district court's attorney fee award here. They provide guidance for a district court considering whether and how a rejected settlement offer should affect an attorney fee award to a prevailing plaintiff. As we explain below, a district court should not impose what amounts to the harshest consequences of a rejected Rule 68 offer when the offering party has not also complied with the procedural protections that Rule 68 itself provides.

The principal question in this appeal is whether the district court abused its discretion when it relied on Cooper's rejection of RMCB's oral settlement offer to deny fees for the post-offer work his attorneys did. The district court referred to the mandate in *Moriarty v. Svec,* 233 F.3d 955 (7th Cir. 2000), as its guide for deciding the fee award but did not factor in the procedural differences between a Rule 68 offer of judgment and RMCB's oral offer here.

To explain, we first summarize *Moriarty* and its directive to courts to consider substantial settlement offers. Next, we clarify how *Moriarty*'s directive should be used to ensure we maintain the key distinction between Rule 68 and non-Rule 68 offers. We then apply these general principles to the facts of this case and find that the district court abused its discretion when it denied Cooper fees for all post-offer work by his attorneys.

a. *Moriarty's Directive and Settlement Offer Types*

In *Moriarty*, we said that district courts must consider "substantial" settlement offers when determining a reasonable attorney fee award. 233 F.3d at 967. A substantial settlement offer is one that is equal to or more than the damages that the prevailing party ultimately won. *Id.* We explained in *Moriarty* that such offers are relevant because the fees a party incurs after rejecting the offer often provide little benefit to the party. *Id.* Because of the limited benefit of proceeding with the litigation, we stated that courts "should reflect on whether to award only a percentage (including zero percent) of the attorney's fees that were incurred after the date of the settlement offer." *Id.* We also cautioned, however, that the existence of a substantial settlement offer "is only one of the factors that a district court should evaluate in making an attorney's fee award, and (absent an offer complying with Rule 68 where that Rule applies) is not necessarily determinative." *Id.*

District courts applying *Moriarty*'s mandate should consider the important differences between Rule 68 offers of judgment and non-Rule 68 settlement offers. As noted, Rule 68 offers of judgment must be in writing and be served on the opposing party at least 14 days before trial. Fed. R. Civ. P. 68(a); *Grosvenor*, 801 F.2d at 948. If accepted, the terms of the offer will be binding on both parties. *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). In contrast, a non-Rule 68 offer need not be in writing, need not be left open for any particular time, and may be amended at will. *Grosvenor*, 801 F.2d at 948–49. In fact, plaintiffs may tentatively accept an oral offer during negotiations and reconsider that decision once the offer is actually put in writing, giving all parties a chance to change the terms of their prior or tentative agreement. *Id.* The finality of

the agreement that exists when a Rule 68 offer is accepted is simply absent for many non-Rule 68 offers. Also, in contrast to a Rule 68 offer, rejection of a non-Rule 68 offer does not necessarily result in a limit on the recovery of attorney fees and costs. *Id.*

Because of these differences between Rule 68 offers of judgment and non-Rule 68 settlement offers, we have emphasized that courts should not treat them as interchangeable. See, e.g., *Cole*, 169 F.3d at 487 (district court legally erred when it refused to grant fees for post-offer work based on offer made during oral settlement negotiations that were not even transcribed); *Grosvenor*, 801 F.2d at 948–49 (explaining that plaintiff's post-offer fees could not be cut off because defendant's offer had been only oral and thus did not satisfy requirements of Rule 68). *Moriarty* did not discuss or cite these cases when discussing the effect of substantial settlement offers, but its direction for courts to consider such offers must be read through the lens of our cases cautioning against imposing Rule 68's harsh consequences on rejected offers that do not satisfy its requirements for protecting their recipients.

b. *Clarification of Moriarty's Mandate*

Before we address Cooper's main argument challenging the district court's fee award, we take this opportunity to clarify *Moriarty*'s mandate to courts and to ensure it is applied in a manner consistent with the teachings of *Grosvenor* and *Cole*.

*Moriarty* was a prolonged suit to collect an employer's delinquent contributions to employee benefit plans administered by a union. In the first appeal, 164 F.3d 323 (7th Cir. 1998), we vacated on the merits the district court's grant of summary judgment to the plan's trustee. On remand, the

district court again granted summary judgment to the plans' trustee and awarded attorney fees. In the second trip to this court, on cross-appeals, we affirmed in part and vacated in part on the merits. 233 F.3d at 962–63. On attorney fees, we affirmed what we called the "Phase I" award but vacated and remanded the "Phase II" award. We vacated because the district court had not evidently considered a non-Rule 68 substantial settlement offer that the defendant had made. We wrote that the district court was required to consider the offer as a factor but did not provide further guidance about what weight it should receive. *Id.* at 967.

On *Moriarty*'s third trip to this court, we considered cross-appeals of the district court's attorney fee award of $41,045.13. 429 F.3d 710 (7th Cir. 2005). We vacated again and directed the district court to clarify its treatment of several issues affecting the fee award, including the proportionality of fees to damages, and we described the district court's treatment of the settlement offer issue as "perplexing." *Id*. at 719. We wrote that the district court had discretion, but was not required, to cut off fees incurred after a substantial settlement offer was rejected. *Id*. at 719–20. We did not address in the *Moriarty* opinions any of the procedural aspects of the substantial settlement offers relevant to the ultimate fee award, though we noted in the second *Moriarty* appeal that it was not clear whether the most important offer was a Rule 68 offer of judgment**.** 233 F.3d at 967 n.5. (It appears likely the parties settled after *Moriarty III*; there is no reported district court decision after that third remand.)

The statement in *Moriarty II* that district courts could even decide to award "zero percent" of the post-offer fees and our affirmance of that decision in *Moriarty III* have signaled to

courts that they may apply a strict cut-off for post-offer fees. The district court here cited both cases when it held that Cooper was not entitled to recover fees for work his attorneys did after he rejected RMCB's oral settlement offer. *Cooper*, 338 F. Supp. 3d at 733. However, as applied to the facts here, the district court's conclusion goes too far and conflicts with *Grosvenor*, *Cole*, and other cases that have insisted on strict compliance with Rule 68 before imposing such harsh consequences. See *Grosvenor*, 801 F.2d at 948–49; see also *Cole*, 169 F.3d at 487.

The best way to clarify this tension in our caselaw is to focus on the procedural aspects of a substantial settlement offer that is being considered to reduce a fee award. We adhere to the teachings of *Moriarty II* and *III* that a district court must consider several factors when setting a reasonable attorney fee, including the rejection of a substantial settlement offer. But the rejection of that offer, especially if it is not a Rule 68 offer of judgment that qualifies for limited fees, should not be the sole fact that determines the fee award. Rather, courts should consider the totality of the circumstances and focus on whether the lodestar reflects the unique facts of the case or whether it should be adjusted up or down to better account for those facts. E.g., *Paz*, 924 F.3d at 952, 955 (upholding denial of post-offer fees because district court dealt a "substantial blow" to the plaintiff's case before trial by dismissing several of his claims, the settlement offer was three times the statutory damages available, and "every indication from the record [was] that [the plaintiff] had but the slimmest chances of receiving" any more than the statutory damages). But see *Capps v. Drake*, 894 F.3d 802, 806–07 (7th Cir. 2018) (rejecting district court's determination that plaintiff's damages award was de minimis and he was not entitled to post-offer fees because the

plaintiff's primary goal from the litigation was to obtain a judgment of liability, which none of the settlement offers provided).

Most pertinent here, in considering the totality of the circumstances, it is important for district courts to maintain and respect the distinction between Rule 68 offers of judgment and other settlement offers. Rule 68's potentially powerful consequences are justified by several protections that are not available for plaintiffs considering non-Rule 68 offers like the one here. In this case, for example, RMCB made its initial oral offer, had it rejected, and replaced it with a less favorable offer all within the same meeting. Permitting courts to deny fees for all post-offer work solely because a party rejected a non-Rule 68 offer without considering such circumstances of the case, as seems to have happened here, would give defendants the benefit of Rule 68 without providing any of the key safeguards that protect a plaintiff considering a Rule 68 offer.

### c. *Application*

Here, RMCB made a $500 oral offer during the settlement conference in July 2016. Cooper rejected it on the spot, and RMCB then lowered its offer to $250, which Cooper also rejected. We agree with the district court's initial determination that RMCB's $500 offer counts here as a "substantial" settlement offer because Cooper recovered exactly that amount in damages from the jury. Nevertheless, we conclude that the district court's refusal to grant any post-offer fees was an abuse of discretion because its only justification was that Cooper rejected that oral offer.

To defend the minimal fee award, RMCB asserts that the court did not use Cooper's rejection of the $500 offer as the

sole justification for denying the post-offer fees. RMCB contends that the court also focused on the overall strength of the case and the unlikelihood that Cooper would recover much more than RMCB's offer if he went to trial.

We read the district court's decision differently. The court's reference to the weakness of Cooper's case was simply another explanation for why he should have accepted RMCB's offer. It was not a separate factor or consideration underlying the court's decision. The court instead gave decisive weight to one factor, the rejected oral offer. The district court abused its discretion when it decided to exclude all the hours Cooper's attorneys worked after he rejected RMCB's $500 offer from the lodestar calculation, effectively giving defendant the benefit of Rule 68 without having complied with its procedures to protect plaintiffs.

There was a way for defendant to obtain the benefits of Rule 68 as to the $500 offer here: make a firm offer in writing, leaving it open for 14 days. If defendant had done that, if plaintiff had rejected that firm offer, and if the district court had given decisive weight to that rejection, we would understand that denial of all post-offer fees to be an appropriate exercise of discretion. While Rule 68 does not apply to attorney fee awards under the FDCPA, as noted above, that scenario would be a permissible exercise of discretion. Giving such decisive weight to an oral offer of settlement, however, was not fair.

### 2. *Proportionality*

In addition to denying Cooper post-offer fees, the district court also reduced the lodestar calculation of the remaining pre-offer hours by twenty percent because it found that

Cooper had limited success at trial. *Cooper*, 338 F. Supp. 3d at 736. The court based its conclusion on the fact that Cooper's counsel had asked the jury to award between $6,000 and $600,000 in actual damages, but the jury awarded only $500 in statutory damages. *Id.*

Courts should consider the proportionality between the amount of damages the plaintiff recovered and the fee award as a factor when deciding to adjust the lodestar amount. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999). However, the "fee awards 'should not be linked mechanically to a plaintiff's [damages] award.'" *Schlacher*, 574 F.3d at 857, quoting *Eddleman v. Switchcraft, Inc.*, 927 F.2d 316, 318 (7th Cir. 1991). A court should not deny a party its requested fees solely because they would exceed the damages or automatically reduce the fees to make them equivalent to the damages received. *Deicher v. City of Evansville*, 545 F.3d 537, 546 (7th Cir. 2008). The assumption in general should not be that the fee award can never be larger than the damages. *Id.*

We have warned district courts against applying such a mechanical proportionality analysis. Some cases involve "important public interests which may not be reflected in the size of a particular recovery." *Connolly v. National School Bus Service, Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). For example, aside from the possibility of receiving actual damages, plaintiffs pursuing an action under the FDCPA can recover a maximum of $1,000 in statutory damages. 15 U.S.C. § 1692k(a)(1)–(2)(A). Despite the likelihood of small awards, Congress explicitly included a provision in the FDCPA allowing successful plaintiffs to recover reasonable attorney fees. § 1692k(a)(3). We have explained: "'Unlike most private tort litigants, [an

FDCPA plaintiff] seeks to vindicate important … rights that cannot be valued solely in monetary terms,'" and "the public as a whole has an interest in the vindication" of those rights. *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (omission in original), quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). This provision of reasonable attorney fees under the FDCPA is particularly important for plaintiffs like Cooper, who recovered only $500 in statutory damages but incurred thousands of dollars in fees and costs. Congress's goal of using attorney fee awards as an incentive for plaintiffs to bring actions enforcing the rights of the public, like those under the FDCPA, is greatly undermined if courts apply a strict proportionality analysis that fails to account for the remedial policies that such fee awards to private attorneys general are designed to promote.

We have acknowledged in the civil rights context that "the cumulative effect of petty violations … may not be petty, and if this is right then the mere fact that a suit does not result in a large award of damages … is not a good ground for refusing to award any attorneys' fees." *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997). The same logic applies to FDCPA violations. The minor nature of the violation or the limited damages recovered should not have been major barriers to Cooper receiving a reasonable attorney fee. "Success must be measured not only in the amount of the recovery but also in terms of the principle established and the harm checked." *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997); e.g., *Capps*, 894 F.3d at 806 (holding that the plaintiff's smaller damages award under 42 U.S.C. § 1983 was not de minimis because the jury found that the officers were liable for using excessive force against the plaintiff). Cooper was a successful plaintiff furthering the goals of Congress when it enacted the

FDCPA. At the same time, our case law also clearly allows some consideration of proportionality, and we defer to the district court's exercise of discretion in choosing 20 percent as a discount for the lack of proportionality. The problem that calls for a remand, though, is that the district court erred in denying all fees for post-offer work.

3. *Local Rule 83.5*

In addition to his challenges to the court's reasons for the fee award, Cooper asserts that we should reverse the award because the district court based its decision on privileged statements. Cooper bases his argument on Northern District of Illinois Local Rule 83.5, which states:

> all non-binding alternative dispute resolution ("ADR") proceedings referred or approved by any judicial officer of this court in a case pending before such judicial officer, including any act or statement made by any party, attorney, or other participant, shall, in all respects, be privileged and not reported, recorded, placed in evidence, made known to the trial court or jury (without consent of all parties), or construed for any purpose as an admission in the case referred or in any case or proceeding.

Cooper argues that information from the settlement conference proceedings, including RMCB's $500 offer and his rejection of it, falls squarely within the prohibition of Local Rule 83.5 and could not be used by the court, or even disclosed to the court without his consent, to set the fee award.

RMCB counters that Cooper's argument is waived and beyond our consideration. Non-jurisdictional arguments made

for the first time on appeal are deemed waived or forfeited. *Mahran v. Advocate Christ Medical Center*, 12 F.4th 708, 710 (7th Cir. 2021). In particular, "a party has waived the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court, even though the issue may have been before the district court in more general terms." *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013), quoting *Fednav International Ltd. v. Continental Insurance Co.*, 624 F.3d 834, 841 (7th Cir. 2010).

Cooper's argument based on the Northern District's Rule 83.5 raises an interesting question in light of our cases addressing rejected settlement offers when setting fee awards. E.g., *Paz*, 924 F.3d at 955–56; *Moriarty*, 233 F.3d at 967 (directing courts to consider settlement offers). Nevertheless, we agree with RMCB that this argument is waived. Cooper did object to the defendant's filing of confidential information from the settlement negotiations at the first opportunity, in his reply brief in support of his motion for attorney fees. The legal basis for Cooper's argument however was Federal Rule of Evidence 408. He did not refer to Local Rule 83.5. Cooper's general discussion of the issue without a reference to his Local Rule 83.5 theory was not sufficient to preserve the argument he now makes. As a result, we will not consider the argument for the first time in this appeal. If there is a debate to be had about whether courts may consider such evidence from settlement conferences and the scope of Local Rule 83.5, it ought to begin in the district court that established the rule.

For the reasons discussed above, we VACATE the district court's attorney fee award. This case is REMANDED for a determination of the amount of attorney fees consistent with this opinion.