NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted October 25, 2022[*]
Decided October 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1477

| | |
|---|---|
| FRANCIS DAMIEN BLOCK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:19-cv-00271-JRS-MJD |
| UNITED STATES OF AMERICA and | |
| THEODORE WESTRA, | James R. Sweeney II, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Francis Block appeals the dismissal of his complaint alleging that
law-enforcement officials and prosecutors violated the Racketeer Influenced and
Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1962, by conspiring to unlawfully

---

[*] We have agreed to decide the case without oral argument because the briefs and
record adequately present the facts and legal arguments, and oral argument would not
significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

seize his vehicle. The district judge dismissed the complaint for lack of subject-matter jurisdiction because Block—who in prior proceedings had been found not to be the vehicle's owner—had no standing to bring this suit. We affirm.

This appeal arises out of events that took place in 2013 when Block was under investigation in Michigan for his involvement in a conspiracy to distribute methamphetamine. Special Agent Theodore Westra of the federal Drug Enforcement Administration and Michigan law-enforcement officers conducted the investigation. They watched Block engage in a likely drug deal, detained and searched him, and discovered over 100 grams of crystal methamphetamine in his bag. Officers executed a search warrant for a storage facility connected to the conspiracy and found over 4 kilograms of crystal methamphetamine. Block and Michael Head, his coconspirator, were arrested. While they were in custody, officers obtained and executed a search warrant for a 1984 Jeep Scrambler parked in the driveway of the house of Block's father—the vehicle registration listed Head as the owner. Officers impounded the car and served a notice of forfeiture to Head, who did not challenge it. The City of Kalamazoo sold the car.

Block proceeded to trial in the Western District of Michigan, and Head testified against him. During Head's testimony, he explained that he had registered the Jeep Scrambler in his name at Block's instruction. Block was convicted of conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, conspiracy to intimidate and threaten witnesses, and witness tampering. He was sentenced to life in prison.

While serving his sentence, Block filed three consecutive motions in the Western District of Michigan under Rule 41(g) of the Federal Rules of Criminal Procedure seeking return of the Jeep Scrambler based on alleged illegal activity undertaken by federal agents during his criminal investigation. All three motions were unsuccessful. When Block appealed the denial of the third motion, the Sixth Circuit affirmed and specifically determined that Block failed to show (1) that he ever owned the car and (2) that federal agents possessed the car that Block wanted returned. *United States v. Block*, No. 18-2241, 2019 WL 11718879, at *2 (6th Cir. May 9, 2019).

In 2019 Block brought a RICO claim against Westra in the Southern District of Indiana alleging that Westra devised a ruse—through his criminal investigation and subsequent trial—to procure the Jeep Scrambler. Block further alleged that Westra concealed documents, specifically Michigan vehicle registration records, and falsely testified at Block's criminal trial. Block also asserted that Westra had formed an enterprise and had conspired with unknown individuals to violate RICO and unlawfully seize the long-desired Jeep Scrambler.

The judge screened Block's complaint, could not discern any plausible federal claim against any defendant, and dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). He gave Block one month within which to amend the complaint or show cause why it should not be dismissed for lack of subject-matter jurisdiction. Block responded to the order by repeating his original allegations and adding additional references to RICO. The judge then permitted Block to proceed on a RICO claim against Westra.

Block next filed a request for admissions, *see* FED. R. CIV. P. 36, seeking Westra's admission that Block was the owner of the car and that Westra had conspired to steal it. The judge ordered the parties to proceed with discovery on their own, in accordance with the local rules.

Westra then informed Block in a letter that he would not respond to the request for admissions because service of that request was deficient. *See id.* R. 5(b)(2). Westra next moved to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure, arguing that the court lacked subject-matter jurisdiction because the claim was foreclosed by various rulings from the Sixth Circuit and because Block lacked standing. Westra also argued that the court lacked personal jurisdiction over him, that venue was improper, and that Block had failed to state a claim upon which relief could be granted. Block never responded to the motion to dismiss and instead moved to amend his complaint by adding 29 new defendants and referencing his prior request for admissions.

The judge on his own motion dismissed the amended complaint for lack of subject-matter jurisdiction and, alternatively, because it was frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). He stated that the court lacked jurisdiction, first, because the complaint was wholly insubstantial and, second, because Block—who was not the Jeep's title holder and thus suffered no injury by the forfeiture of the vehicle—lacked standing. In reaching this determination, the judge relied upon a prior ruling from the Western District of Michigan—denying Block's third Rule 41(g) motion—that concluded that Block was not the owner of the Jeep. *United States v. Block*, No. 13-cr-223, 2018 WL 11277504, at *1 (W.D. Mich. Oct. 9, 2018). And even if the court had jurisdiction, the judge added that he would dismiss the complaint as frivolous for merely reciting the RICO elements without alleging sufficient facts in support.

On appeal Block challenges the judge's conclusion that he lacked standing to bring this case. He insists that he would have established standing if the court had treated the unanswered request for admissions as admitted—thereby accepting the facts alleged in his complaint as true. *See* FED. R. CIV. P. 36(a)(3). In Block's view, Westra's

failure to respond to his request proves that Block was the true owner of the Jeep Scrambler and that Westra had stolen it.

Jurisdictional standing is a threshold issue that we decide de novo. *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2663 (2015); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). To establish standing, it is the plaintiff's burden to "plead sufficiently and eventually to prove '(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 681 (7th Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021)).

The judge properly dismissed the complaint for lack of Article III standing, a jurisdictional flaw. Block lacked standing to bring this case because he cannot plausibly allege that he had a legal interest in the car. *See United States v. Bowser*, 834 F.3d 780, 784 (7th Cir. 2016). Block alleged that the car was "[p]laintiff's Jeep," but a bare "assertion of ownership"—without reference to the relevant state law of private-property ownership—is insufficient to assert a legal interest. *Id.* at 784–85. And he has not adequately alleged that he, not Head, was the legal owner of the car—either through being a title holder or some other legal arrangement establishing ownership—under Indiana or Michigan law. IND. CODE § 9-13-2-121 (2021); MICH. COMP. LAWS § 257.37 (2022). The judge properly took judicial notice of the findings from Block's other judicial proceedings that Block did not own the car, *see Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016), and Block does not meaningfully challenge these findings.

We have considered Block's other arguments, and none has merit.

AFFIRMED